UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD ORLUK, DONALD MADDEN, DEBORAH EDELSTEIN, and WILLIAM SWEENEY, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC., et al.,<br><br>Defendants. | Civil Action No. 09-10798-JLT |

ORDER

August 12, 2010

TAURO, J.

Plaintiffs' allege that Defendants' improperly terminated their employment, in violation of an applicable collective bargaining agreement, in order to prevent Plaintiffs' pension benefits from vesting. On November 13, 2009, this action was terminated pursuant to a <u>Joint Stipulation of Dismissal with Prejudice</u> [#13] filed by the Parties. Presently at issue is <u>Plaintiffs' Motion to Set Aside the Stipulation of Dismissal</u> [#16].

In support of their Fed. R. Civ. P. 60(b) Motion, Plaintiffs assert that their former attorney failed to timely notify them of the claims bar date in Defendants' related bankruptcy proceeding, such that their claims were time-barred in that action.[1] Then, in an attempt to cover up that

---

[1]Plaintiff concedes, however, that the bankruptcy court has since allowed a motion granting Plaintiffs permission to file their adversary claims in the bankruptcy proceeding, despite

1

failure, Plaintiffs' assert that their former attorney negotiated a stipulation of dismissal of this action with Defendants' counsel. Accordingly, Plaintiffs contend that they are entitled to relief either on grounds of mistake, pursuant to Rule 60(b)(1), or on grounds of fraud and misconduct, pursuant to Rule 60(b)(3).

"[R]elief under Rule 60(b) is extraordinary in nature and [] motions invoking that rule should be granted sparingly. Thus, a party who seeks recourse under Rule 60(b) must persuade the trial court, at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the [evidence] to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted."[2]

Rule 60(b)(3) "authorizes the district court to absolve a party from a final judgment upon a showing that the adverse party has committed 'fraud..., misrepresentation, or other misconduct....' There are two prerequisites to obtaining redress under this rule. First, the movant must demonstrate misconduct–such as fraud or misrepresentation–by clear and convincing evidence. Second, the movant must 'show that the misconduct foreclosed full and fair preparation or presentation of [his] case.'"[3]

Plaintiffs claim that their former attorney, in cahoots with Defendants' counsel, negotiated and executed the stipulation of dismissal to cover up the lawyers' collective failure to notify Plaintiffs of the claims bar date in the bankruptcy action. Plaintiffs, however, have not presented

---

the fact that the claims bar date has long passed.

[2]Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002) (internal citations omitted).

[3]Id. at 21 (internal quotations omitted).

any evidence to suggest that they might be able to prove this speculation, if given the opportunity to try. When this court inquired at oral argument as to what sort of evidence Plaintiffs might set forth to substantiate their assertions in the evidentiary hearing they requested by motion, Plaintiffs' counsel had no answer. Indeed, the only evidence presented to this court on this motion is an affidavit from Defendants' counsel, admitting to his mistake regarding the bankruptcy claims bar date, but explaining that the Parties entered the stipulation of dismissal because they agreed, in the end, that Plaintiffs' claims were meritless.[4]

Plaintiffs' speculative assertions are not supported by any evidence. As such, they cannot provide the basis for relief pursuant to Rule 60(b)(3). This is particularly true where, as here, the only evidence before the court, Defense Counsel's affidavit, serves to undercut Plaintiffs' allegations.

Similarly, Plaintiffs have not demonstrated that they are entitled to relief on grounds of mistake, pursuant to Rule 60(b)(1).

> "[M]otions premised upon mistake are intended to provide relief to a party...when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority.... Excusable litigation mistakes are not those which were the result of a deliberate and counseled decision by the complaining party. Rather, the kinds of mistakes remediable under a Rule 60(b)(1) motion are litigation mistakes that a party could not have protected against, such as counsel acting without authority. Thus, a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes."[5]

Plaintiffs contend that relief is warranted on grounds of mistake, either because their former attorney failed to timely file a proof of their claim in the bankruptcy proceeding, or because their

---

[4]Aff. of Arthur G. Telegen, ¶ 3-4.

[5]Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999) (internal citations omitted).

3

former attorney failed to inform them that they could dismiss this action without prejudice, rather than with prejudice.

The evidence before this court demonstrates that Plaintiffs' former attorney informed them that their claims lacked merit and, therefore, advised them to dismiss this action.[6] And Plaintiffs do not dispute that their decision to enter into the stipulation of dismissal was made deliberately and voluntarily, in accordance with that advice.

The Parties "decision to execute the [stipulation], regardless of whether that decision was founded upon bad advice or misinformation, created a binding [agreement for judgment]."[7] For purposes of Rule 60(b)(1), "parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct. Such mistakes are more appropriately addressed through malpractice claims."[8]

In light of the foregoing, this court is unpersuaded that exceptional circumstances exist,

---

[6] See Mem. Supp. Mot. Set Aside, Ex. F, Aff. of Donald Madden, ¶¶ 7-8, 11.

[7] Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1100 (9th Cir. 2006). See also McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc., 298 F.3d 586, 595 (6th Cir. 2002) (holding "that out-and-out lawyer blunders -- the type of action or inaction that leads to successful malpractice suits by the injured client -- do not qualify as 'mistake' or 'excusable neglect' within the meaning of Rule 60(b)(1)" (internal quotation omitted)); Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990) ("Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)."); Acevedo-Garcia v. Vera-Monroig, 368 F.3d 49, 54 (1st Cir. 2004) (holding that a mistake of law is not a "mistake" for Rule 60(b)(1) purposes).

[8] Latshaw, 452 F.3d at 1101 (9th Cir. 2006); see also Pryor v. U.S. Postal Serv., 769 F.2d 281, 288-89 (5th Cir. 1985) ("Were this court to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, even though the result be disproportionate to the deficiency, courts would be unable to ever adequately redraw that line again, and meaningful finality of judgment would largely disappear.").

which would warrant the extraordinary relief provided by Rule 60(b).  Accordingly, Plaintiffs'

Motion to Set Aside the Stipulation of Dismissal [#16] is DENIED.

IT IS SO ORDERED.

      /s/ Joseph L. Tauro
United States District Judge